**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-01497-NYW

ASIA O'CONNOR,

      Plaintiff,

v.

RAM INTERNATIONAL 1, LLC d/b/a C.B. & POTTS; and
WESTMINSTER 73, LLC d/b/a C.B. & POTTS,

      Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on three pending motions:

      (1)      Defendants RAM International 1, LLC ("RAM International") and Westminster 73, LLC's ("Westminster") (collectively, "Defendants") Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) ("Motion to Dismiss") [#20, filed July 26, 2017];

      (2)      Plaintiff Asia O'Connor's ("Plaintiff" or "Ms. O'Connor") Motion to Accept First Amended Complaint and Jury Demand Pursuant to Fed. R. Civ. P. 15(a)(1)(B) ("Motion to Amend") [#27, filed August 16, 2017]; and

      (3)      "Plaintiff's Motion to Deem Moot Defendant's Partial Motion to Dismiss or for Additional Time to Respond to Respond [sic] to the Motion" ("Motion to Deem Moot") [#28, filed August 16, 2017].

      The undersigned considers the motions pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated July 12, 2017 [#13], and the memoranda dated August 11 and 21, 2017 [#25; #29]. This court concludes that oral argument will not materially assist in the resolution of

these motions. Accordingly, upon careful review of the motions and associated briefing, the entire case file, and the applicable law, this court respectfully RECOMMENDS[1] that Plaintiff's Motion to Amend be GRANTED; Plaintiff's Motion to Deem Moot be GRANTED; and Defendants' Motion to Dismiss be DENIED AS MOOT.

## BACKGROUND

Plaintiff initiated this action by filing her Complaint in the United States District Court for the District of Colorado on June 20, 2017. [#1]. The facts giving rise to Plaintiff's Complaint are rather troubling. Plaintiff alleges that at the age of sixteen (16) she began working for Defendants as a hostess at their C.B. & Potts restaurant located in Westminster, Colorado. [*Id.* at ¶¶ 7–10]. Around this same time, Defendants also hired Timothy Chavez who Plaintiff alleges was on parole or probation for a prior conviction of a criminal sexual offense. [*Id.* at ¶¶ 11–19].

On or about January 16, 2015, Plaintiff alleges that, while taking a routine break during her hostess shift, Mr. Chavez "forced her into an isolated area and then sexually assaulted [her]." [*Id.* at ¶¶ 20–23]. Plaintiff escaped Mr. Chavez and immediately reported the incident to her manager. [*Id.* at ¶¶ 24–25]. However, Plaintiff alleges that her manager left her alone in his office, and that Mr. Chavez entered the office and threatened Plaintiff to not report the assault. [*Id.* at ¶ 26]. Ultimately, Plaintiff fled to a nearby restaurant and hid from Mr. Chavez in the establishment's restroom; Mr. Chavez pursued Ms. O'Connor to the nearby restaurant, but eventually returned to C.B. & Potts. [*Id.* at ¶¶ 28–32]. The next day, on January 17, 2015, Mr. Chavez's sexual assault was reported to law enforcement officials. [*Id.* at ¶ 33]. Following an

---

[1] Because Local Rule 72.3 defines "[d]ispositive motions" to include motions to amend, *see* D.C.COLO.LCivR 72.3(a), this court addresses the pending Motion in a Recommendation rather than in an Order.

investigation, Mr. Chavez was criminally charged and convicted of sexually assaulting Ms. O'Connor. [*Id.*].

The Complaint continues that Ms. O'Connor returned to work at some point after Mr. Chavez's conviction; however, Ms. O'Connor alleges that her co-workers "harassed, targeted and abused" her for the incident. [*Id.* at ¶¶ 34–36]. For example, Plaintiff alleges that co-workers blamed her for the assault and even ridiculed Plaintiff on social media. [*Id.* at ¶ 35]. Ms. O'Connor alleges that she informed management of the abuse and harassment, but to no avail. [*Id.* at ¶¶ 36–37]. Given the hostile work environment, Ms. O'Connor resigned from her position at C.B. & Potts. [*Id.* at ¶¶ 38–39]. At some point, Ms. O'Connor filed her charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC"), who subsequently issued a Notice of Right to Sue to Plaintiff on April 17, 2017. [*Id.* at ¶ 41]. The Complaint asserts the following claims against Defendants: (1) gender/sexual discrimination in violation of 42 U.S.C. § 2000e-2 ("Claim I"); and state law claims for (2) outrageous conduct ("Claim II") and (3) negligent hiring and supervision ("Claim III"). [#1].

On July 26, 2017, Defendants filed their Motion to Dismiss, moving for dismissal of Claim I under Rule 12(b)(1) because Plaintiff failed to file a timely charge of discrimination with the EEOC, as well as dismissal of Claim II for failure to state a claim under Rule 12(b)(6). [#20]. On August 16, 2017, in response to the Motion to Dismiss, Plaintiff filed her Motion to Amend and Motion to Deem Moot. [#27; #28]. Although Defendant has yet to file responses to these motions, this court considers the motions below. *See* D.C.COLO.LCivR 7.1(d).

**ANALYSIS**

Pursuant to Rule 15(a)(1)(B), a plaintiff may amend her complaint as a matter of course within twenty-one (21) days "after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P.

15(a)(1)(B). An amended pleading supersedes the pleading it modifies thereby mooting any motions to dismiss directed at an inoperative pleading. *See Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006).

Here, Plaintiff filed her Motion to Amend on August 16, 2017; twenty-one days after service of Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and (6). Because Plaintiff's First Amended Complaint ("FAC") complies with the parameters of Rule 15(a)(1)(B), Plaintiff is permitted to amend her complaint as a matter of course. Under Local Rule 15.1(a), Plaintiff could have simply filed the amended pleading, and a separate notice with a redlined copy of the amended pleading. D.C.COLO.LCivR 15.1(a).

Accordingly, Defendants' Motion to Dismiss is directed at an inoperative pleading, rendering it moot. *See Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."). While this court is aware of Defendants' Rule 12(b)(1) arguments directed at Claim I that likely survive the amendment, I find that the more efficient and appropriate course of action is for Defendants to re-assert any arguments for dismissal of Claim I along with any other argument aimed at the FAC, in a subsequent motion to dismiss. Doing so will avoid piecemeal litigation of Plaintiff's claims in this matter and any confusion that might arise regarding what pleading is operative.

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1)     Plaintiff's Motion to Amend [#27] be **GRANTED** pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, and that the Clerk of the Court accept for filing [#27-2] and file it as a separate entry on the docket;

4

(2)     Plaintiff's Motion to Deem Moot [#28] be **GRANTED**; and

(3)     Defendants' Motion to Dismiss [#20] be **DENIED AS MOOT** with leave to re-file a motion to dismiss directed at the First Amended Complaint should the presiding judge, the Honorable Christine M. Arguello, adopt this court's Recommendation.[2]


DATED:  August 28, 2017                    BY THE COURT:


                                           s/Nina Y. Wang_____
                                           United States Magistrate Judge

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).