IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:17-cv-01497-CMA-NYA

ASIA O'CONNOR,

Plaintiff,

v.

RAM INTERNATIONAL  1, LLC d/b/a C.B. & POTTS; and WESTMINSTER  73, LLC
d/b/a C.B. & POTTS, and RAM INTERNATIONAL  HOLDING CO., LLC,

Defendants.

---

**RAM INTERNATIONAL 1, LLC, WESTMINSTER 73, LLC AND
RAM INTERNATIONAL HOLDING CO., LLC'S ANSWER TO
SECOND AMENDED COMPLAINT AND JURY DEMAND
SUBJECT TO PARTIAL MOTION TO DISMISS**

---

Ram International 1, LLC, Westminster 73, LLC AND RAM International Holding

Co., LLC (hereinafter collectively referred to as "Defendants"), for their Answer[1] to Plaintiff

Asia O'Connor's ("O'Connor") Second Amended Complaint and Jury Demand ("Amended

Complaint") state as follows:

---

[1] Contemporaneous with the filing of the present Answer to the Amended Complaint,
Defendants are filing a Partial Motion to Dismiss (hereinafter "Motion to Dismiss")
specific claims alleged by O'Connor in the Amended Complaint. Specifically,
Defendants seek dismissal pursuant to Fed.R.Civ.P. 12(b)(6) on O'Connor's claims
under Title VII, for outrageous conduct, and for negligent hiring. Therefore, the present
Answer to O'Connor's Amended Complaint and Jury Demand is being filed subject to
the Motion to Dismiss.

Defendants deny each and every allegation contained in O'Connor's Amended Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Defendants deny that O'Connor is entitled to the relief requested or any other relief.

## I.    INTRODUCTION

1.      Defendants admit this is an action by Plaintiff O'Connor against Defendants and, upon information and belief that O'Connor is now 19 years of age. Defendants deny the remaining allegations contained in Paragraph 1 of the Amended Complaint.

2.      Defendants admit that Timothy Chavez ("Chavez") was convicted for crimes committed against O'Connor.  The remainder of the allegations contained in Paragraph 2 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remainder of the allegations of Paragraph 2 of the Amended Complaint.

3.      The allegations contained in Paragraph 3 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 3 of the Amended Complaint.

4.      Upon information and belief, Defendants admit the date stated at Paragraph 4 of the Amended Complaint is Plaintiff's date of birth and the eighteenth

anniversary of her birth, respectively.    Defendants admit that, upon information and belief, the Notice of Right to Sue, albeit from the Equal Employment Opportunity Commission and not the Department of Justice, is dated as being mailed on April 19, 2017, and that the present suit was filed on June 20, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 4 of the Amended Complaint, and therefore deny same. Defendants deny the remaining allegations contained in Paragraph 4 of the Amended Complaint.

5.    Defendants admit that Christopher Barth testified at the criminal trial of Timothy Chavez, upon information and belief, that Chavez was convicted of crimes committed against O'Connor in Case No. 2015CR194 in the District Court of Adams County, Colorado, and that such crimes are listed in the Sentence Order of such case include those stated as found "Guilty" in Attachment A to the Amended Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Mr. Chavez is presently a fugitive, that Mr. Chavez's whereabouts are not known to O'Connor, that Mr. Chavez is believed by O'Connor to have fled Colorado after being convicted for the alleged sexual assault on O'Connor, and therefore deny same. Defendants deny the remaining allegations contained in Paragraph 5 of the Amended Complaint.

## II.    JURISDICTION

6.      Without conceding to the validity or addressing the merits of any claim contained herein, Defendants admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, and that O'Connor purports to base this action as arising under Title VII of the Civil Rights act of 1964, as amended, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.   To the extent a further response is required, Defendants deny any other allegations of Paragraph 6 of the Amended Complaint.

## III.    PARTIES

7.      Upon information and belief, Defendants admit that O'Connor is a female resident of Colorado with the date of birth as that stated in Paragraph 7 of the Amended Complaint, and that she became employed as a hostess with Defendant Westminster 73, LLC at the Westminster, Colorado C.B. & Potts restaurant in calendar year 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 7 of the Amended Complaint, and therefore deny the same.

8.      Defendants admit that Defendant RAM International 1, LLC is a Washington limited liability company with its principal office and mailing address located at 10013 59th Avenue, Lakewood, Washington 98499.  Defendants admit that Jeffrey B. Iverson, Jr. is an agent for service in the State of Washington.  Defendants deny that the Registered Agent for RAM for Service of Process for in Colorado is the Corporation

Company located at 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.   Defendants admit that the Corporate Disclosures statement made by Defendants states that RAM International I, L.L.C. is wholly owned by Ram International Holding Co., L.L.C.   The remainder of the allegations contained in Paragraph 8 of the Amended Complaint state legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the remaining allegations of Paragraph 8 of the Amended Complaint.

9.     Defendants admit that Defendant Westminster 73, LLC is a foreign limited liability company organized under the laws of the State of Washington with an address of 10013 59th Avenue SW, Lakewood, Washington 98499, whose registered agent in Colorado is the Corporation Company.   Defendants admit that the Corporate Disclosures statement made by Defendants states that RAM International I, L.L.C. is wholly owned by Ram International Holding Co., L.L.C.   Defendants admit that Plaintiff O'Connor worked at the Westminster, Colorado location for Defendant Westminster 73, LLC.   Defendants admit that Jeffrey B. Iverson, Jr. is an agent for service for Defendant Westminster 73, LLC in the State of Washington.   The remainder of the allegations contained in Paragraph 9 of the Amended Complaint state legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the remaining allegations of Paragraph 9 of the Amended Complaint.

10.     Defendants admit that Defendant RAM International Holding Co. LLC is a limited liability company organized under the laws of the State of Washington with an address of 10013 59th Avenue SW, Lakewood, Washington 98499.  Defendants admit that the Corporate Disclosures statement made by Defendants states that RAM International I, L.L.C. is wholly owned by Ram International Holding Co., L.L.C. Defendants admit that RAM International Holding Co. LLC has not filed any "forms or applications" with Colorado Secretary of State to do business in Colorado, because it does not do business in Colorado. The remainder of the allegations contained in Paragraph 10 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of Paragraph 10 of the Amended Complaint.

11.     The allegations contained in Paragraph 11 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 11 of the Amended Complaint.

## IV.     FACTUAL ALLEGATIONS

12.     In response to Paragraph 12 of the Amended Complaint, Defendants repeat and incorporate herein the responses to the allegations of the preceding paragraphs as if fully restated herein.

13.     Defendants admit that, on July 16, 2014, Defendant Westminster 73, LLC hired Timothy Aaron Chavez to work at the C.B. & Potts location at 1257 West 120th

Avenue, Westminster, Colorado 80234.   Defendants deny the remaining allegations contained in Paragraph 13 of the Amended Complaint.

14.   Upon information and belief, Defendants admit that Chavez was prosecuted and convicted in Case No. 2009CR594 in Adams County, Colorado for Criminal Attempt to Commit Sexual Assault on a Child & Assault in the Second Degree on February 3, 2010.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the of the allegations that, at the time Chavez was hired by Defendant Westminster 73, LLC he was "listed" on the "Colorado Sexual Offender Registry" and "website kept by the Colorado Bureau of Investigation."   Defendants deny the remainder of the allegations contained in Paragraph 14 of the Amended Complaint, and therefore deny same.

15.   Upon information and belief, Chavez was being monitored by the Colorado Parole Board of Adams County, Colorado from approximately March 2013 until approximately June 2015, according to purported records produced by counsel for Plaintiff.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint that Chavez was wearing an "ankle bracelet," and that he was considered as a "threat or potential threat to females, and particularly to minor females, because of his criminal conviction" and therefore deny same.   Defendants deny the remainder of the allegations of Paragraph 15 of the Amended Complaint.

16.     Defendants admit that Defendant Westminster 73, LLC, d/b/a C.B. & Potts, in the calendar year 2014 and 2015, employed female employees at the Westminster C.B. & Potts location. Upon information and belief, Defendants admit that Chavez' s date of birth is August 10,1988 and that he is approximately 5 foot 8 inches tall. The remainder of the allegations contained in Paragraph 16 of the Amended Complaint are denied.

17.     Defendants admit that Chavez stated in his Application for Employment dated July 14, 2014 that he had not been convicted of a misdemeanor in the last 5 years, and that he had been convicted of a felony, specifying "DUI in 2009." Defendants admit that Chavez signed a Request for Verification on August 8, 2014 that contained the following: an answer of "yes" to the Question whether "you have been convicted of a felony or have you received deferred adjudication for a felony, and "yes" to the Question whether "you were released, or did you start a work release program or transition center within the past 12 months." Defendants admit that the Request for Verification contains information that specifies that such was a "State" conviction with a Conviction Date of "12/2009" and a Release Date of "03/2013" in Brighton, Colorado. Defendants admit that all new hires go through the Pre-Screening Notice and Certification Request for the Work Opportunity Credit as part of the new hire process at the relevant time frame with ADP.   Defendants deny the remainder of the allegations contained in Paragraph 17 of the Amended Complaint.

8

18.     Defendants deny the allegations of Paragraph 18 of the Amended Complaint and therefore deny same.

19.     The allegation contained in Paragraph 19 of the Amended Complaint that "there was actual knowledge by the Defendants that Mr. Chavez was a convicted felon" state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.  Defendants deny the remainder of the allegations of Paragraph 19 of the Amended Complaint.

20.     Upon information and belief, Defendants admit that Chavez was being monitored by the Colorado Parole Board of Adams County, Colorado from approximately March 2013 until approximately June 2015, according to purported records produced by counsel for Plaintiff.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that the policy of the "Division of Parole" is to "make contact with the employer of a parolee, particularly one that is a sex offender because sex offenders are high risk parolees" and therefore deny same. The remainder of the allegations contained in Paragraph 20 of the Amended Complaint are denied.

21.     The allegations contained in Paragraph 21 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

22.     The allegations contained in Paragraph 22 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

23.     The allegations of Paragraph 23 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny that information was "intentionally withheld" from Plaintiff and other younger employees" and lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 23 of the Amended Complaint, and therefore deny same.

24.     Defendants deny providing instruction and training as to the policy prohibiting harassment, the policies concerning Equal Employment Opportunity, and the the complaint procedure to Plaintiff O'Connor.  The remainder of the allegations of Paragraph 24 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, such allegations are denied.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that O'Connor was not "knowledgeable of her right to file a charge of discrimination with EEOC relating to her work environment," when O'Connor allegedly became aware of "her rights," or whether she ever saw "posted notices about discrimination and filing charges" as contained in Paragraph 25 of the Amended Complaint, and therefore deny same.  The remainder of the allegations contained in

Paragraph 25 of the Amended Complaint are legal conclusions to which no response is required.   To the extent a response is required, the remainder of the allegations is denied.

26.     The allegations contained in Paragraph 26 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

27.     Defendants admit that on January 16, 2015, O'Connor was working as a hostess at the C.B. & Potts restaurant located at 1257 West 120th Avenue, Westminster, Colorado 80234, as alleged in Paragraph 27 of the Amended Complaint.

28.     Defendants admit that Mr. Chavez was working at C.B. & Potts located at 1257 West 120th Avenue, Westminster, Colorado 80234. Defendants deny the remainder of the allegations contained in Paragraph 28 of the Amended Complaint.

29.      Upon information and belief, Defendants admit that, after working for a period of time on January 16, 2015, O'Connor took an unauthorized break and went outside of the C.B. & Potts restaurant.   Defendants deny the remainder of the allegations of Paragraph 29 of the Amended Complaint.

30.     The allegations contained in Paragraph 30 of the Amended Complaint are legal conclusions to which no response is required.   To the extent a response is required, they are denied.

31.     Upon information and belief, Defendants admit that, upon re-entering the restaurant, O'Connor was emotional and upset.     Upon information and belief, Defendants deny the remainder of the allegations of Paragraph 31 of the Amended Complaint.

32.     The allegations of Paragraph 32 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Ms. O'Connor made a report of an inappropriate touching to her manager, Chris Barth, and that Chris Barth testified at the criminal trial of Timothy Chavez. Defendants deny the remainder of the lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 32.

33.     Defendants admit that Mr. Barth escorted Ms. O'Connor into his office in the back of the C.B. & Potts establishment. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that Timothy Chavez entered the office, and attempted to intimidate Ms. O'Connor, and prevent her from reporting alleged criminal actions and activity and therefore deny same.   The remainder of the allegations of Paragraph 33 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

34.     Upon information and belief, Defendants admit that O'Connor left the C.B. Potts restaurant office on January 16, 2015.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 34 of the Amended Complaint, and therefore deny same.

35.     Upon information and belief, Defendants admit that, after leaving the C.B. Potts restaurant, O'Connor went to Tokyo Joe's.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 35 of the Amended Complaint, and therefore deny same.

36.     Upon information and belief, Defendants admit that Chavez followed O'Connor to Tokyo Joe's and attempted to speak with O'Connor, who was in the bathroom.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 36 of the Amended Complaint, and therefore deny same.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Amended Complaint, and therefore deny same.

38.     Upon information and belief, Defendants admit that Chavez returned to the C.B. & Potts location and clocked out, or had someone clock him out, at approximately 9:33 pm.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Chavez ceased his attempts to confront Ms. O'Connor and have further contact with Ms. O'Connor, whether law enforcement was called that evening, whether Chavez was questioned that evening, and whether

evidence was gathered relating to the alleged criminal behavior and actions of Chavez, as alleged in Paragraph 38 of the Amended Complaint, and therefore deny same. To the extent not denied above, Defendants deny the remainder of the allegations contained in Paragraph 38 of the Amended Complaint.

39.     The allegations contained in Paragraph 39 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

40.     Defendants admit that Chavez's employment was terminated and that no document in the Chavez personnel file contains a "termination for misconduct" document or that Chavez was terminated for alleged "crimes committed against the Plaintiff." Defendants deny the remainder of the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendants admit that Ms. O'Connor did not return to C.B & Potts to work until January 20, 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 41 of the Amended Complaint, and therefore deny same.

42.     Defendants admit that on January 17, 2015 a report was made to police by Mr. Barth and that, once contacted, law enforcement conducted an investigation wherein, upon information and belief, O'Connor was interviewed, Chavez was criminally

charged and convicted for alleged crimes against O'Connor. Defendants deny the remainder of the allegations of Paragraph 42 of the Amended Complaint.

43. Defendants admit that Plaintiff did eventually return to work at C.B. & Potts on January 20, 2015 and that Chavez was arrested and never returned to C.B. & Potts after January 16, 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of the of the allegations of Paragraph 43 of Amended Complaint that O'Connor experienced "emotional trauma," and therefore deny same. Defendants deny the remainder of the allegations of Paragraph 43 of the Amended Complaint.

44. Defendants deny that any "harassment" to O'Connor was reported to management. The remainder of the allegations of Paragraph 44 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

45. The allegations contained in Paragraph 45 of the Amended Complaint are denied.

46. The allegations of Paragraph 46 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

47. The allegations of Paragraph 47 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

48.     The allegations of Paragraph 48 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

49.     The allegations of Paragraph 49 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

50.     The allegations of Paragraph 50 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

51.     Defendants admit the O'Connor eventually failed to show for work and, thereby, terminated her employment. The remainder of the allegations of Paragraph 51 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Amended Complaint, and therefore deny same.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Amended Complaint, and therefore deny same.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Amended Complaint, and therefore deny same.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Amended Complaint, and therefore deny same.

56.     Defendants admit that in May and June 2016, the criminal trial of Chavez was held in Adams County District Court, Case No. 15CR194. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56 of the Amended Complaint, and therefore deny same.

57.     Defendants admit that O'Connor turned eighteen years of age on September 16, 2016.  Defendants deny that O'Connor's mother met with "Defendants' management staff at the restaurant," that she requested "help for her daughter," was told that "a management staff person would get back to her with information," or that management ever failed to fulfill any commitment made to O'Connor.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 57 of the Amended Complaint, and therefore deny same.

58.     Defendants admit that, on October 18, 2016, a Charge of Discrimination relating to O'Connor appeared to have been received by the EEOC – Denver Field Office.  Defendants lack knowledge or information sufficient to form a belief as to the

truth of the remainder of the allegations of Paragraph 58 of the Amended Complaint, and therefore deny same.

59.     The allegations of Paragraph 59 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required Defendants deny same.

60.     Upon information and belief, Defendants admit that the U.S. Equal Employment Opportunity Commission mailed a Notice of Right to Sue relating to O'Connor, which notice appears to be attached to Plaintiff's Amended Complaint as Exhibit F.  To the extent required, Defendants deny the remainder of the allegations in Paragraph 60 of the Amended Complaint.

61.     The allegations of Paragraph 61 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

62.     The allegations of Paragraph 62 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

63.     The allegations of Paragraph 63 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

64.   The allegations of Paragraph 64 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### *Gender/Sexual Discrimination by Defendants*
### *(Violation of 42 U.S.C. '2000e-2 [sic])*

65.   In response to Paragraph 65 of the Amended Complaint, Defendants repeat and incorporate herein the responses to the allegations of the preceding paragraphs as if fully restated herein.

66.   Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's claims under Title VII, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 66 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

67.   Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's claims under Title VII, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 67 of the Amended

Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

68.     Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's claims under Title VII, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 68 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

69.     Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's claims under Title VII, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 69 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

70.     Defendants state that they have filed a Partial Motion to Dismiss the Plaintiff's claims under Title VII, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 70 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

71.     Defendants state that they have filed a Partial Motion to Dismiss the Plaintiff's claims under Title VII, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 71, 71a, 71b, 71c, 71d, 71e, 71f, 71g, 71h of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same

72.     Defendants state that they have filed a Partial Motion to Dismiss the Plaintiff's claims under Title VII, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 72 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

73.     Defendants state that they have filed a Partial Motion to Dismiss the Plaintiff's claims under Title VII, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 73 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

74.     Defendants state that they have filed a Partial Motion to Dismiss the Plaintiff's claims under Title VII, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 74 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

75.     Defendants state that they have filed a Partial Motion to Dismiss the Plaintiff's claims under Title VII, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 75 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

76.     Defendants state that they have filed a Partial Motion to Dismiss the Plaintiff's claims under Title VII, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 76 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

77.     Defendants state that they have filed a Partial Motion to Dismiss the Plaintiff's claims under Title VII, and so an answer to the allegations relating to this

claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 77 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

78.     Defendants state that they have filed a Partial Motion to Dismiss the Plaintiff's claims under Title VII, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 78 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

## SECOND CAUSE OF ACTION
### *Negligence in Hiring, Retention, Supervision and Training*

79.     In response to Paragraph 79 of the Amended Complaint, Defendants repeat and incorporate herein the responses to the allegations of the preceding paragraphs as if fully restated herein.

80.     Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "negligent hiring" claim, and so an answer to the allegations relating to this claim is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 80 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

81.    Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "negligent hiring" claim, and so an answer to the allegations relating to this claim is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 81 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

82.    Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "negligent hiring" claim, and so an answer to the allegations relating to this claim is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 82 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

83.    Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "negligent hiring" claim, and so an answer to the allegations relating to this claim is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 83 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

84.    Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "negligent hiring" claim, and so an answer to the allegations relating to this

claim is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 84 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

85.     Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "negligent hiring" claim, and so an answer to the allegations relating to this claim is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 85 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

86.     Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "negligent hiring" claim, and so an answer to the allegations relating to this claim is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 86 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

87.     The allegations of Paragraph 87 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

88.     The allegations of Paragraph 88 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

89.     The allegations of Paragraph 89 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

90.     The allegations of Paragraph 90 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

91.     The allegations of Paragraph 91 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

92.     The allegations of Paragraph 92 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

93.     The allegations of Paragraph 93 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

94.    The allegations of Paragraph 94 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

95.    The allegations of Paragraph 95 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

96.    The allegations of Paragraph 96 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

97.    The allegations of Paragraph 97 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

98.    The allegations of Paragraph 98 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

99.    The allegations of Paragraph 99 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

100.   The allegations of Paragraph 100 of the Amended Complaint state legal conclusions to which no response is required.   To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

101.   The allegations of Paragraph 101 of the Amended Complaint state legal conclusions to which no response is required.   To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

102.   The allegations of Paragraph 102 of the Amended Complaint state legal conclusions to which no response is required.   To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

### THIRD CAUSE OF ACTION
*Outrageous Conduct by Defendants*

103.   In response to Paragraph 103 of the Amended Complaint, Defendants repeat and incorporate herein the responses to the allegations of the preceding paragraphs as if fully restated herein.

104.    Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "outrageous conduct" claim, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 104 of the Amended Complaint state legal conclusions to which no response is required.   To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

105.     Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "outrageous conduct" claim, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 105 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

106.     Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "outrageous conduct" claim, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 106 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

107.     Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "outrageous conduct" claim, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 107 of the Amended Complaint state legal conclusions to which no response is

required.   To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

108.   Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "outrageous conduct" claim, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 108 of the Amended Complaint state legal conclusions to which no response is required.   To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

109.   Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "outrageous conduct" claim, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 109 of the Amended Complaint state legal conclusions to which no response is required.   To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

110.   Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "outrageous conduct" claim, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 110 of the Amended Complaint state legal conclusions to which no response is required.   To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

111.    Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "outrageous conduct" claim, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 111 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

112.    Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "outrageous conduct" claim, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 112 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

113.    Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "outrageous conduct" claim, and so an answer to the allegations relating to this claim(s) is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 113 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

114.    Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "outrageous conduct" claim, and so an answer to the allegations relating to this claim(s)

is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the allegations of Paragraph 114 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same.

115.   Defendants admit that Plaintiff seeks "compensatory damages and special damages" and "punitive damages."  Defendants state that they have filed a Partial Motion to Dismiss Plaintiff's "outrageous conduct" claim, and so an answer to the allegations relating to the remainder of the allegations of Paragraph 115 is unnecessary at this time. However, subject to the Motion to Dismiss, and to the extent that an answer is deemed necessary, the remainder of the allegations of Paragraph 115 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, subject to the Motion to Dismiss, Defendants deny same and deny that Plaintiff is entitled to any relief sought whatsoever by this suit.

116.   With regard to Plaintiff's "Prayer For Relief" paragraph, Defendants deny that Plaintiff is entitled to any of the relief sought, including the relief specified in Paragraphs 1-8 of the Prayer for Relief.

117.   Any allegation contained in Plaintiff's Amended Complaint not specifically admitted or denied by this Answer is hereby specifically denied.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing denials and admissions, and pleading in the alternative when necessary, Defendants plead the following affirmative and other defenses and reserve the right to plead additional defenses that may become known during the defense of this lawsuit:

1.      Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2.      One or more of Plaintiff's claims are barred by the applicable statute of limitations.

3.      Plaintiff's Amended Complaint contains allegations not previously submitted to the Colorado Civil Rights Division / Equal Employment Opportunity Commission. Therefore, Plaintiff may have failed to exhaust statutory administrative remedies on those claims.

4.      Plaintiff failed to timely file her Charge of Discrimination with the Equal Employment Opportunity Commission.

5.      Any and all actions taken by Defendants relating to Plaintiff's employment were taken for lawful, nondiscriminatory and/or other legitimate business reasons, unrelated to her gender or any other prohibited consideration.

6.      Plaintiff's claims are barred, in whole or in part, by her failure to take reasonable steps under the circumstances to minimize or mitigate her alleged damages, if

any.

7.     Plaintiff's claims, in whole or part, may be barred by the equitable doctrine of waiver.

8.     Plaintiff's claims, in whole or part, may be barred by the equitable doctrine of estoppel.

9.     Plaintiff's claims, in whole or part, may be barred by the equitable doctrine of laches.

10.     Plaintiff's claims, in whole or part, may be barred by the equitable doctrine of unclean hands.

11.     Defendants did not act recklessly, willfully, wantonly, or with malice toward Plaintiff, so Plaintiff's claim for punitive damages is barred.

12.     Plaintiff's claim for punitive damages, if any, are barred by the *Kolstad* affirmative defense because Defendants made good faith efforts to prevent discrimination and/or harassment and to comply with all applicable laws.

13.     Plaintiff's claims for damages are limited by the applicable statutory maximum including, but not limited to, 42 U.S.C. §1981a.

14.     Plaintiff's losses, if any, are speculative.

15.     The employer prohibited harassment and retaliation by its policies and procedures.  By her conduct, Plaintiff may have unreasonably failed to take advantage of such procedures and policies for reporting and remedying alleged unlawful employment

actions.

16.     To the extent Plaintiff's claims are based in whole or in part upon a "mixed motive" claim and the finder of fact determines, based upon legally sufficient evidence, that gender or alleged protected activity was a motivating factor in any employment decision at issue (which Defendants deny), Defendants are entitled to judgment, in whole or in part, because the same decisions would have been made irrespective of whether gender or alleged protective activity was considered.

17.     To the extent Plaintiff intends to state a claim for sexual harassment, Defendants assert the *Faragher/Ellerth* affirmative defense that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

18.     Plaintiff's claims are barred because Defendants had no actual or constructive knowledge of any alleged sexual harassment.

19.     Plaintiff's claims are barred because Defendants' remedial measures were adequate to respond to any actually or constructively known sexual harassment.

20.     Defendants hereby reserve the right to assert any further defenses, or delete any presently pleaded affirmative defenses, as discovery and/or investigation in this action may warrant.

WHEREFORE, Defendants pray that this action be dismissed on the merits and with prejudice, that Plaintiff take nothing, that Defendants be awarded costs and reasonable attorneys' fees, and that Defendants have such other and further relief, general and specific, legal and equitable, to which they may be justly entitled.

Dated this 6th day of December, 2017.

Respectfully submitted,

HERMS & HERRERA, LLC

By:   /s/ *C. DEAN HERMS, JR.* [Signature on file]
C. Dean Herms, Jr.
Herms & Herrera, LLC
3600 S. College Ave., Suite 204
Fort Collins, Colorado 80525
Telephone:  970-498-9999
Facsimile:  970-472-5365
Email: dean@hhlawoffice.com
**ATTORNEY FOR DEFENDANTS RAM INTERNATIONAL 1, LLC, WESTMINSTER 73, LLC, AND RAM INTERNATIONAL HOLDING CO. LLC**

36

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 6th day of December, 2017, I caused

to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system

which will send notification of such filing to the following:

J. Howard Thigpen
FINGER & THIGPEN, P.C.
29025-D Upper Bear Creek Road
Evergreen, Colorado 80439

/s/    *C. Dean Herms, Jr.*
C. Dean Herms, Jr.